**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| DERECK CASE, individually, and as representative of a Class of Participants and Beneficiaries of the General Power Systems, Inc. Employee 401(k) Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>GENERAC POWER SYSTEMS, INC., THE BOARD OF DIRECTORS OF GENERAC POWER SYSTEMS, INC., and JOHN DOES 1-30,<br><br>Defendants. | Case No. 2:21-cv-00752-RSM<br><br>**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WISCONSIN**<br><br>Note on Motion Calendar: August 27, 2021 |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 1 of 17   Document 34

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. ARGUMENT ..................................................................................................................... 1

    A. The Forum Selection Provisions Require Transfer to the Eastern District of Wisconsin. ........................................................................................................ 1

    B. The Relevant Factors Dictate Transferring This Action to the Eastern District of Wisconsin. ........................................................................................... 4

        1. Private Factor - The Eastern District of Wisconsin Is the Locus of the Plan Execution and the Alleged Misconduct. ..................................... 5

        2. Private Factor - Plaintiff's Choice of Forum Deserves Minimal Deference in a Putative Class Action Where the Alleged Misconduct Occurred Elsewhere. ............................................................... 5

        3. Private Factor - The Parties Have Extensive Contacts with the Eastern District of Wisconsin and Limited Contacts with the Western District of Washington. ............................................................... 6

        4. Private Factor - Plaintiff's Cause of Action Has Substantial Contacts with Wisconsin. ............................................................................ 8

        5. Private Factor - The Availability of Process to Compel the Attendance of Unwilling Witnesses Favors Transfer. ................................ 9

        6. Private Factor - Transfer to the Eastern District of Wisconsin Will Provide Greater Access to Sources of Proof. ............................................. 9

        7. Private & Public Factors - The Difference in Litigation Costs for Each Forum Favors Transfer to Wisconsin, and Court Congestion is Neutral. .................................................................................................. 9

        8. Public Factor - Courts in the Seventh Circuit Have Great Familiarity with ERISA Lawsuits Like This One. .................................... 10

        9. Public Factor - Public Policy Considerations Strongly Favor Transfer. ................................................................................................... 10

III. CONCLUSION ................................................................................................................ 11

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - i
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 2 of 17   Document 34

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arete Power, Inc. v. Beacon Power Corp.*,
   No. 07-5167, 2008 WL 508477 (N.D. Cal. Feb. 22, 2008) ..................................................9

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*,
   571 U.S. 49 (2013)..................................................................................................................1, 4

*Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*,
   212 F.3d 1031 (7th Cir. 2000) ...............................................................................................7

*Blankenship v. Liberty Life Assur. Co. of Bos.*,
   486 F.3d 620 (9th Cir. 2007) ..................................................................................................4

*Burgess v. HP, Inc.*,
   No. 16-04784, 2017 WL 467845 (N.D. Cal. Feb. 3, 2017) ....................................................6

*Carlisle v. Bd. of Trs. of Am. Fed'n of N.Y. State Teamsters Conf. Pension & Ret. Fund*, No. 20-8793, 2021 WL 1512702 (S.D.N.Y. Apr. 16, 2021) .........................................3

*Chamberlain v. U.S. Bancorp Cash Balance Ret. Plan*,
   No. 04-0841, 2005 WL 2757921 (S.D. Ill. Oct. 25, 2005) ......................................................7

*Evans v. Safeco Life Ins. Co.*,
   916 F.2d 1437 (9th Cir. 1990) ................................................................................................3

*Fox v. Massey-Ferguson, Inc.*,
   No. 93-74615, 1995 WL 307485 (E.D. Mich. Mar. 14, 1994) ...............................................11

*Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*,
   2 F. Supp. 3d 928 (W.D. La. 2014)........................................................................................2

*Heimeshoff v. Hartford Life & Accident Ins. Co.*,
   571 U.S. 99 (2013)..................................................................................................................2

*Jenkins v. Fitzgerald Marine & Repair*,
   No. 07-123, 2008 WL 4790343 (E.D. Mo. Oct. 27, 2008), *aff'd sub nom. In re Fitzgerald Marine & Repair, Inc.*, 619 F.3d 851 (8th Cir. 2010) ...........................................3

*M.K. Visa Cigna Network POS Plan*,
   No. 12-04652, 2013 WL 2146609 (N.D. Cal. May 15, 2013)..................................................6

*Mayfield v. ACE Am. Ins. Co.*,
   No. C18-1695, 2019 WL 2084489 (W.D. Wash. May 13, 2019) ........................................5, 6

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - ii
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 3 of 17   Document 34

*Richardson v. Pension Plan of Bethlehem Steel Corp.*,
    112 F.3d 982 (9th Cir. 1997) ...................................................................................2

*T-Mobile USA, Inc. v. Auto-Owners Ins. Co.*,
    No. 20-0567, 2020 WL 4788021 (W.D. Wash. Aug. 18, 2020) ................................8

*Wallace v. Int'l Paper Co.*,
    No. 20-00242, 2020 WL 4938361 (C.D. Cal. July 2, 2020) ...........................2, 5, 11

*Weyerhaeuser Co. v. AIG Prop. Cas., Inc.*,
    No. 20-01371, 2021 WL 1575364 (W.D. Wash. Apr. 22, 2021) .............................9

**Statutes**

28 U.S.C. § 1404(a) ...............................................................................................1, 7, 11

29 U.S.C. § 1113 ..............................................................................................................2


**Case Minute Entries**

*Brotherston v. Putnam Invs., LLC*,
    No. 15-13825, ECF Nos. 172-185, 193-199 (D. Mass) ...............................................7

*Pledger v. Reliance Tr. Co.*,
    No. 15-4444, ECF Nos. 242-251 (N.D. Ga.) ...............................................................7

*Ramos v. Banner Health*,
    No. 15-2556, ECF No. 380 (D. Colo. July 7, 2021) ....................................................7

*Sacerdote v. N.Y. Univ.*,
    No. 16-6284, ECF No. 234 (S.D.N.Y.) ........................................................................7

*Tussey v. ABB, Inc.*,
    No. 06-04305, ECF Nos. 516-17, 519, 522, 524-25, 530, 532, 535, 539, 542-
    46, 550 (W.D. Mo.) ......................................................................................................7

*Wildman v. Am. Century Servs., LLC*,
    No. 16-00737, ECF Nos. 193, 257, 259-264, 266, 270-71, 275 (W.D. Mo.) .............7

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - iii
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 4 of 17   Document 34

## I. PRELIMINARY STATEMENT

Plaintiff opposes the transfer of this case to the Eastern District of Wisconsin by arguing that the Plan's forum selection clause does not apply to breach-of-fiduciary-duty claims. He also suggests Defendants have not established that the nine balancing factors clearly weigh in favor of transfer. Plaintiff is wrong on all counts. First, the plain language of the Plan's forum selection clause applies to "***any*** legal action … in connection with the Plan," which necessarily includes ERISA breach-of-fiduciary-duty claims. The language in the Summary Plan Description ("SPD") is similarly clear that a legal action alleging that "Plan fiduciaries misuse the Plan's money," as Plaintiff claims here, must be brought in the Eastern District of Wisconsin

"[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59-60, 63 (2013) (citation omitted). To demonstrate that this is an "exceptional case" and the Plan's forum selection clause should not apply, Plaintiff had the "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 64, 67. These factors are "[1] the administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [and] [3] the interest in having a trial of a diversity case in a forum that is at home with the law." *Id.* at 62, n.6 (internal citation omitted). "Because [the public-interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64. Because this is not an unusual case, the Court should apply the Plan's forum selection clause. But even if the forum selection clause did not apply, the nine-factor balancing test still clearly weighs in favor of transfer.

## II. ARGUMENT

### A. The Forum Selection Provisions Require Transfer to the Eastern District of Wisconsin.

Plaintiff concedes that enforcement of the forum selection clause would not be

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 1
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 5 of 17   Document 34

unreasonable (Pl's Opp. at 7), but argues that the Plan and SPD language limit the forum selection clause to actions challenging the denial of benefits. This is not true. Plan Section 14.4 begins by discussing what the requirements are (as well as the applicable limitations period)[1] for a participant to exhaust the Plan's administrative remedies before bringing a legal action for Plan benefits. *See* Dkt. 26-1 at p. 80 (Section 14.4, stating that "[t]he participant may not bring a legal action to receive benefits under the Plan until the following criteria are satisfied…."). However, after describing the specific exhaustion limitation on an action for benefits, Section 14.4 goes on to state: "Further, ***any legal action***, brought against the Plan, or against the Plan Administrator, or Plan Sponsor **in connection with the Plan**, must be brought in the Federal District Court for the Eastern District of Wisconsin." *Id.* (emphasis added). Courts have held that forum selection clauses covering "any action in connection with the Plan" apply to breach-of-fiduciary-duty claims. *See, e.g.*, *Wallace v. Int'l Paper Co.*, No. 20-00242, 2020 WL 4938361, at *5-6 (C.D. Cal. July 2, 2020) (granting motion to transfer and holding that forum selection clause covering "actions in connection with the Plan" covered all ERISA claims, including breach-of-fiduciary-duty claims); *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 932 (W.D. La. 2014) (granting motion to transfer and holding that "any action in connection with the Plan" was used "to denote that the forum selection clause applies to any action arising under ERISA"; applying such language to claim for breach of fiduciary duty).

In addition, it is clear that the phrase "any legal action" in the Plan's forum selection clause is different than the phrase "any legal action to recover benefits" in the Plan's exhaustion provisions. Federal common law principles of contract interpretation guide the interpretation of ERISA plan terms. *See Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985

---

[1] ERISA does not establish a statute of limitations for benefit claims, and plans are allowed to require their own reasonable limitations period for such claims. *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105-06 (2013) ("a participant and a plan may agree by contract to a particular limitations period … as long as the period is reasonable"). In contrast, ERISA contains an express statute of limitations for breach-of-fiduciary-duty claims, which is why there was no need to address it in the Plan. *See* 29 U.S.C. § 1113 (establishing limitations periods for when an action must be commenced "with respect to a fiduciary's breach").

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 2
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 6 of 17   Document 34

(9th Cir. 1997). The "terms in an ERISA plan should be interpreted 'in an ordinary and popular sense as would a [person] of average intelligence and experience.'" *Id.* (quoting *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990)). Here, the fact that the Plan did not limit the forum selection clause's application to claims "for plan benefits" confirms that the forum selection clause is not so limited. *Cf. Jenkins v. Fitzgerald Marine & Repair*, No. 07-123, 2008 WL 4790343 at *4 (E.D. Mo. Oct. 27, 2008) (where language limiting indemnification to claims "in connection with [defendant's] operations" was used in one indemnity clause of a contract covering injuries to employees, its omission in another clause covering any other claims was intentional), *aff'd sub nom. In re Fitzgerald Marine & Repair, Inc.*, 619 F.3d 851 (8th Cir. 2010).

The SPD similarly makes clear that the forum selection clause does not apply solely to claims for benefits. As Plaintiff notes, the SPD contains two bullets that discuss the Plan's forum selection requirement. The first bullet explains what the forum selection provision requires for participants who want to bring a benefits claim, stating: "If you have a claim for benefits that is denied or ignored, in whole or in part, you may file suit in federal court in the Eastern District of Wisconsin." Dkt. 26-2 at pp. 32-33. The second bullet explains what the forum selection provision requires for a participant who wants to bring a breach-of-fiduciary-duty or retaliation claim, stating: "If it should happen that the Plan fiduciaries misuse the Plan's money, or if you are discriminated against for asserting your rights ... you may file suit in federal court in the Eastern District of Wisconsin." *Id.* The plain meaning of this language is that the forum selection clause applies to breach-of-fiduciary-duty claims and not just claims for benefits. *See Carlisle v. Bd. of Trs. of Am. Fed'n of N.Y. State Teamsters Conf. Pension & Ret. Fund*, No. 20-8793, 2021 WL 1512702 at *2, *5 (S.D.N.Y. Apr. 16, 2021) (enforcing forum selection clause as applied to claim for breach of fiduciary duty and granting motion to transfer, where SPD stated: "*If it should happen that Plan fiduciaries misuse the Plan's money ...* you may file suit in a Federal court ... in the United States District Court for the Northern District of New

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 3
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 7 of 17   Document 34

York") (emphasis added).²

Finally, the Court may easily dispose of Plaintiff's suggestion that the doctrine of *contra proferentum* requires construing the forum selection provisions against Defendants. First, as discussed above, the Plan and SPD's forum selection provisions are not ambiguous, so there is no basis for invoking the doctrine. Second, even if the forum selection language were ambiguous, *contra proferentum* would not apply because the Plan grants the Plan Administrator discretion to construe its terms. *See Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620, 625 (9th Cir. 2007) (explaining that the rule of *contra proferentum* "applies in interpreting ambiguous terms in an ERISA-covered plan except where the plan: … grants the administrator discretion to construe its terms"); Declaration of Cheryl Brand ("Brand Decl.") ¶¶ 13-16, Ex. A, Plan at § 14.1 (Dkt. 26 at p. 3, Dkt. 26-1 at p. 77) (stating that "[t]he Plan Administrator shall have the discretionary power and authority to administer the Plan …," including "interpret the terms and provisions of the Plan").

In short, the Plan's forum selection clause applies to claims for breach of fiduciary duty, not just claims for benefits. Thus, the Court should grant Defendants' motion to transfer venue to the Eastern District of Wisconsin for this reason alone.

### B. The Relevant Factors Dictate Transferring This Action to the Eastern District of Wisconsin.

Because there is a valid forum selection clause, the Court need not address the nine private-interest balancing factors, and it is not Defendants' burden to show those factors favor a transfer. *See Atl. Marine Constr. Co.*, 571 U.S. at 64, 67. Instead, the Court need only consider whether *Plaintiff* met his "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. As noted above, these public interests are "[1] the administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies

---

² Plaintiff also suggests that an earlier sentence in the SPD describing a participant's right to know why a claim for benefits is denied also limits the forum selection clause to claims for benefits. This is illogical and inconsistent with the language of the SPD describing other types of ERISA claims to which the forum selection clause applies.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 4
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

decided at home; [and] [3] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62, n.6 (internal citation omitted); *see also Wallace*, 2020 WL 4938361 at *6-7. Plaintiff has not met this burden, as none of these factors disfavor transfer. Moreover, even if this Court were to consider all nine private and public factors, Plaintiff is wrong in arguing that most factors are neutral or irrelevant; instead, they weigh in favor of transfer to the Eastern District of Wisconsin.

### 1. Private Factor - The Eastern District of Wisconsin Is the Locus of the Plan Execution and the Alleged Misconduct.

Plaintiff argues (with no supporting case law) that the fact that he worked in Washington and therefore accessed Plan documents in Washington balances out the fact that the Plan was executed in Wisconsin. Pl's Opp. at 11. Plaintiff conveniently ignores two other relevant facts: (1) the Plan was also administered in Wisconsin; and (2) any alleged breach of fiduciary duty committed by Defendants would have occurred in Wisconsin. That Plaintiff worked in Washington and accessed Plan documents there has no bearing on where the Plan was executed or where the alleged misconduct giving rise to his claims occurred. Accordingly, this factor weighs in favor of transfer. *See* Defs' Br. at 8-9.

### 2. Private Factor - Plaintiff's Choice of Forum Deserves Minimal Deference in a Putative Class Action Where the Alleged Misconduct Occurred Elsewhere.

Plaintiff attempts to distinguish this case from *Mayfield v. ACE Am. Ins. Co.*, No. C18-1695, 2019 WL 2084489 at *2 (W.D. Wash. May 13, 2019), which held that in a putative ERISA class action, any deference to the plaintiff's choice of forum is reduced. First, Plaintiff contends that it does not matter how many of the putative class members are in Wisconsin compared to Washington because Plaintiff would be representing all members of the class and "few, if any, class Members from Wisconsin will be actively involved in this action." Pl's Opp. at 13. *Mayfield* does not support this distinction, as that case was also a putative ERISA class action where the plaintiff would be representing all members of the class, and the court held that it *did*

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 5
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 9 of 17   Document 34

matter where the putative class members were located. *See Mayfield*, 2019 WL 2084489 at *2 ("although both sides speculate as to the location of potential class members, the record appears clear that significantly more class members will be located in or near Georgia than in or near Washington State.").

Here, Plaintiff admits that "the proposed Class consists mostly of Wisconsin employees" (Pl's Opp. at 13), and therefore this factor weighs in favor of transfer. Plaintiff's speculation that few, if any, class members will be actively involved in this action is not relevant to the Court's analysis.

Additionally, Plaintiff claims that this case is unlike *Mayfield* and *M.K. Visa Cigna Network POS Plan*, No. 12-04652, 2013 WL 2146609 at *3 (N.D. Cal. May 15, 2013), because "significant" operative facts and "relevant" conduct occurred within Washington. But the location of Plaintiff's residence and work are not significant operative facts or relevant conduct in an action claiming that ERISA fiduciaries breached their duties with respect to selecting and maintaining the plan's investments or negotiating the plan's fee structure. *Cf., e.g., Burgess v. HP, Inc.*, No. 16-04784, 2017 WL 467845 at *5 (N.D. Cal. Feb. 3, 2017) ("[a] breach of fiduciary duties … [occurs in the place] where the defendants commit or fail to commit the actions that their duties require").

> 3. <u>Private Factor - The Parties Have Extensive Contacts with the Eastern District of Wisconsin and Limited Contacts with the Western District of Washington.</u>

Plaintiff, again, reframes this factor, which addresses *both* parties' contacts with the forum, and focuses primarily on the fact that *he* lives in Washington and would prefer to litigate in Washington because it is more convenient than Wisconsin. He argues that because he and an extremely small number of other employees live, work in and received Plan documents in Washington, this factor weighs against transfer. He is wrong. As previously noted in Defendants' moving brief, there are only *14* putative class members who reside in Washington, while almost 5,000 reside in Wisconsin. Defs' Br. at 11-12. Moreover, as discussed *supra*,

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 6
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP    Filed 08/27/21    Page 10 of 17    Document 34

where, as here, the locus of the alleged misconduct occurred in the Eastern District of Wisconsin (where the Plan was executed and administered, where four of the five Benefit Committee members reside and where any alleged fiduciary breach would have occurred), this makes Plaintiff's residence in Washington far less relevant.

In addition, while Plaintiff argues that it would not be more difficult or expensive for Defendants and Generac's employees to litigate in Washington, this is based on the faulty assumption that there would be no burden or difficulty in requiring Defendants and other Generac employee witnesses to travel halfway across the country to Seattle for trial. Pl's Opp. at 14-15.[3] As Plaintiff's attorneys (all experienced ERISA attorneys) are aware, trials in cases like this tend to last weeks. *See, e.g.*, *Sacerdote v. N.Y. Univ.*, No. 16-6284, ECF No. 234 (S.D.N.Y.) (stating that the trial would extend over several weeks, including April 16-19 and April 23-26, 2018; *see also* unnumbered minute entries for dates); *Brotherston v. Putnam Invs., LLC*, No. 15-13825, ECF Nos. 172-185, 193-199 (D. Mass) (transcript and electronic clerk's notes reflecting seven-day trial took place over the course of 12 days from 4/7/2017-4/19/2017); *Wildman v. Am. Century Servs., LLC*, No. 16-00737, ECF Nos. 193, 257, 259-264, 266, 270-71, 275 (W.D. Mo.) (notice of hearing that bench trial was set to take place over the course of 17 days between 9/4/2018-9/21/2018, and trial minute entries reflecting a trial that lasted 11 days and ran from 9/4-9/20/2018); *Tussey v. ABB, Inc.*, No. 06-04305, ECF Nos. 516-17, 519, 522, 524-25, 530, 532, 535, 539, 542-46, 550 (W.D. Mo.) (minute entries of 16-day trial that took place over the course of 23 days); *Pledger v. Reliance Tr. Co.*, No. 15-4444, ECF Nos. 242-251 (N.D. Ga.) (minute entries reflecting 10-day trial that took place in 12-day period from 3/2/2020-3/13/2020); *Ramos v. Banner Health*, No. 15-2556, ECF No. 380 (D. Colo. July 7, 2021) (bench trial

---

[3] The out-of-circuit cases Plaintiff cites do not support his argument. *See Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) (case not involving a motion to transfer but appeal of the denial of a motion to set aside a default judgment; discussing 28 U.S.C. § 1404(a) only in *dicta* when reviewing personal jurisdiction and suggesting that if the forum at issue were inconvenient for the defaulting defendants, they *should* have moved to transfer); *Chamberlain v. U.S. Bancorp Cash Balance Ret. Plan*, No. 04-0841, 2005 WL 2757921 at *3 (S.D. Ill. Oct. 25, 2005) (quoting the *dicta* from *Elite Erectors* and merely stating that U.S. Bancorp would have little difficulty litigating in Southern District of Illinois).

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 7
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 11 of 17   Document 34

anticipated over the course of 10 days – January 6-9 and January 13-16, 2020).

Further, depending on the Court's schedule, trial days may not be consecutive, meaning Defendants and their witnesses would have to travel back and forth between Wisconsin and Washington. Given the much larger number of parties and witnesses who would be inconvenienced by proceeding in Washington, this factor weighs in favor of transfer. *See* Defs' Br. at 11-12.

    4. <u>Private Factor - Plaintiff's Cause of Action Has Substantial Contacts with Wisconsin</u>.

Plaintiff again argues that because he lived, worked and accessed Plan documents in Washington, those are "contacts relating to his cause of action," thus weighing against transfer. As noted, his residence and employment in Washington are irrelevant to the alleged conduct underlying his claims. His lawsuit claims that Defendants breached their fiduciary duties by negotiating and maintaining excessive administrative fees for the Plan and allowing the Plan to offer overpriced and imprudent investments. All of these alleged breaches occurred in Wisconsin and arose from a Plan negotiated and executed in Wisconsin. Brand Decl. at ¶ 4 (Dkt. 26). Moreover, the majority of Defendants and potential witnesses involved in Plan administration reside in or around Wisconsin. *Id.,* ¶¶ 7-8. While Plaintiff points out that a Generac subsidiary undertook business in Washington and had a few employees in the state in addition to himself, these sorts of contacts have little relevance to this factor, which focuses on the conduct giving rise to the cause of action. *Cf., e.g.*, *T-Mobile USA, Inc. v. Auto-Owners Ins. Co.*, No. 20-0567, 2020 WL 4788021 at \*9 (W.D. Wash. Aug. 18, 2020) (suggesting this factor weighed in favor of transfer to Michigan in insurance coverage dispute where a substantial part of the events or omissions giving rise to the claim occurred there and Washington's connection to the case "consists only of the fact that Defendant purportedly insured a Washington company."). This factor still weighs in favor of transfer.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 8
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP  Filed 08/27/21  Page 12 of 17  Document 34

5. <u>Private Factor - The Availability of Process to Compel the Attendance of Unwilling Witnesses Favors Transfer.</u>

Plaintiff argues that the availability of process is neutral because "[t]here are currently no known non-party witnesses in this case" (Pl's. Opp. at 17), completely ignoring Defendants' explanation that there are, in fact, such non-party witnesses. Defs' Br. at 13. Specifically, there are several employees of Generac who assisted with the administration of the Plan, but who no longer are employed by Generac and cannot be treated as party witnesses. *Id.* As previously stated, these individuals reside in Wisconsin, and they are unlikely to travel willingly from Wisconsin to Washington for trial. Defs' Br. at 13 (citing Brand Decl. ¶ 18, Dkt. 26). This weighs in favor of transfer. *See, e.g.*, *Arete Power, Inc. v. Beacon Power Corp.*, No. 07-5167, 2008 WL 508477 at *10 (N.D. Cal. Feb. 22, 2008).

6. <u>Private Factor - Transfer to the Eastern District of Wisconsin Will Provide Greater Access to Sources of Proof.</u>

Plaintiff argues that this factor is neutral because documents should be available electronically. Pl's. Opp. at 17-18. But he fails to address that the sources of proof include not just documents, but also witnesses. *See Weyerhaeuser Co. v. AIG Prop. Cas., Inc.*, No. 20-01371, 2021 WL 1575364 at *8-9 (W.D. Wash. Apr. 22, 2021) ("This factor considers location of witnesses, documentary evidence, and inventory to be inspected, if any"; finding "ease of access to witnesses" in alternate forum weighed in favor of transfer). Here, as Plaintiff has conceded, the majority of likely witnesses reside in and around Wisconsin, making this factor weigh in favor of transfer.

7. <u>Private & Public Factors - The Difference in Litigation Costs for Each Forum Favors Transfer to Wisconsin, and Court Congestion is Neutral.</u>

Plaintiff attempts to downplay the litigation costs and inconvenience to the witnesses of attending trial in Washington by stating that "even if there is [a trial], it would only require a day or two." Pl's Opp. at 16. As noted above, similar ERISA "excessive fees" cases that have gone

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 9
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP    Filed 08/27/21    Page 13 of 17    Document 34

to trial have typically taken weeks to try. *See supra* at 7-8. There is a significant difference in the burden imposed on witnesses between Plaintiff's "day or two" estimate and the reality that trials of this nature can take better part of a month. In light of the anticipated burden of requiring witnesses living in Wisconsin to spend significant time in Washington for trial, this factor weighs in favor of transfer.

Plaintiff also intertwines a public factor – administrative difficulties from court congestion – in his argument, stating that court congestion is similar in the Seventh and Ninth Circuit, and there is "not likely to be a meaningful difference in the time it will take either district to resolve this case." Pl's Opp. at 16. In light of the valid forum selection clause, this neutral public factor does not help Plaintiff carry his burden to show that the public-interest factors overwhelmingly disfavor a transfer.

8. <u>Public Factor - Courts in the Seventh Circuit Have Great Familiarity with ERISA Lawsuits Like This One</u>.

Plaintiff neither disputes that the Seventh Circuit has an extremely robust body of law regarding the ERISA issues raised in his Complaint, nor that one of the law firms representing him has filed at least ten virtually identical lawsuits in that Circuit. Instead, he argues that there is also a very well-developed body of law in the Ninth Circuit. At most, this demonstrates that this factor is neutral. Again, this cannot demonstrate that public-interest factors overwhelmingly disfavor a transfer.

9. <u>Public Factor - Public Policy Considerations Strongly Favor Transfer</u>.

Plaintiff again relies on his residence and work in Washington as basis for his public policy arguments, as well as his argument that he is individually less able to shoulder any burdens while at least one of the Defendants is a corporation. Despite these arguments, public policy would be best served by transfer to the Eastern District of Wisconsin. There is minimal state interest in resolving this putative class action in the Western District of Washington, because although Plaintiff lives and worked there, most putative class members do not.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 10
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 14 of 17   Document 34

Moreover, Plaintiff does not address authority holding that a state "has little interest" in keeping ERISA litigation in local courts where the Plan was not administered locally and the defendants are not local corporations. *See, e.g.*, *Wallace*, 2020 WL 4938361 at *7. While Plaintiff claims it is unlikely the Plan would suffer any diminishment of assets as the Defendants would be responsible for any settlement or judgment, this fails to address that the Plan would be adversely affected if the employees and fiduciaries who operate the plan would have to abandon their duties to attend the trial in Washington. *See Fox v. Massey-Ferguson, Inc.*, No. 93-74615, 1995 WL 307485 at *4-5 (E.D. Mich. Mar. 14, 1994) (granting motion to transfer to Wisconsin and noting that if the case were transferred, the individuals responsible for administering the plan located in Wisconsin "would be able to continue to perform their duties" rather than having to go to Detroit). Ultimately, public policy weighs in favor of transfer, and Plaintiff cannot show that this public factor "overwhelmingly" disfavors one.

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion and transfer venue to the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

Respectfully submitted this 27th day of August, 2021.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Russell S. Buhite*
Russell S. Buhite, WSBA #41257
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone: 206.693.7052
Facsimile: 206.693.7058
russell.buhite@ogletree.com

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE - 11
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 15 of 17   Document 34

MORGAN, LEWIS & BOCKIUS, LLP

By: */s/ Deborah S. Davidson*
    Deborah S. Davidson, IL Bar # 6255813
    (admitted *pro hac vice*)
    110 North Wacker Drive
    Chicago, IL 60606-1511
    Telephone:   312.324.1000
    Facsimile:    312.324.1001
    deborah.davidson@morganlewis.com

By: */s/ Jeremy P. Blumenfeld*
By: */s/ Jared R. Killeen*
    Jeremy P. Blumenfeld, PA Bar # 85955
    (admitted *pro hac vice*)
    Jared R. Killeen, NY Bar # 5333026
    (admitted *pro hac vice*)
    1701 Market Street
    Philadelphia, PA 19103-2921
    Telephone:   215.963.5917
    Facsimile:    215.963.5001
    jeremy.blumenfeld@morganlewis.com
    jared.killeen@morganlewis.com

By: */s/ Stephanie R. Reiss*
    Stephanie R. Reiss, PA Bar # 88316
    (admitted *pro hac vice*)
    32 Floor, One Oxford Centre
    Pittsburgh, PA 15219
    Telephone:   412.560.3300
    Facsimile:    412.560.7001
    stephanie.reiss@morganlewis.com

*Attorneys for Defendants Generac Power Systems, Inc., and The Board of Directors of Generac Power Systems, Inc.*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE - 12
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 16 of 17   Document 34

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August, 2021, I filed the foregoing DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WISCONSIN via electronic means through the Court's Case Management/Electronic Case File system, which will send an automatic notification of filing to each party registered for electronic service.

SIGNED THIS 27th day of August, 2021 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Cheryl L. Kelley*
Cheryl L. Kelley, Practice Assistant
cheryl.kelley@ogletree.com

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE - 13
Case No. 2:21-cv-00752-RSM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7052 | Fax: 206.693.7058

Case 2:21-cv-01100-PP   Filed 08/27/21   Page 17 of 17   Document 34