UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERECK CASE,

        Plaintiff,

v.

        Case No. 21-cv-1100-pp

GENERAC POWER SYSTEMS, INC., *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 80) AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (DKT. NO. 55)**

On June 8, 2021, the plaintiff filed in the United States District Court for the Western District of Washington a class action under the Employee Retirement Income Security Act (ERISA), alleging that the defendants had breached fiduciary duties owed to beneficiaries of the Generac Power Systems, Inc. Employees 401(k) Savings Plan (the "Plan"). Dkt. No. 1. On September 3, 2021, Chief Judge Ricardo S. Martinez of the Western District of Washington granted the defendants' motion to transfer venue to this court. Dkt. No. 35. Just shy of two months after the case arrived in this court, the plaintiff filed an amended complaint, alleging that the defendants had violated the duties of loyalty and prudence required of ERISA-governed defined plan fiduciaries by, among other things, "(1) authorizing the Plan to pay unreasonably high fees for recordkeeping services; and (2) failing to objectively, reasonably, and adequately review the Plan's investment portfolio with due care to ensure that

1

each investment option was prudent, in terms of cost and performance." Dkt. No. 46.

On December 3, 2021, in lieu of an answer, the defendants filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 55. The defendants' motion relies heavily on the Seventh Circuit's decision in Divane v. Northwestern University, 953 F.3d 980 (2020),[1] and the plaintiff's response—filed on January 14, 2022—focuses on what the plaintiff characterizes as the defendants' misreading of that decision. See Dkt. No. 56 (defendants' brief in support, citing Divane on eleven of twenty-five pages); Dkt. No. 59 (plaintiff's opposition brief, citing Divane on five of twenty-eight pages and arguing that the defendants have misread Divane). The plaintiff's opposition brief also relied on the Supreme Court's 2015 decision in Tibble v. Edison International, 575 U.S. 523 (2015). See Dkt. No. 59 at 7.

Five months before the defendants filed their motion to dismiss, the Supreme Court had granted *certiorari* to review the Seventh Circuit's decision in Divane. Hughes v. Northwestern University, 141 S. Ct. 2882 (Mem) (July 2, 2021). On January 24, 2022—ten days after the plaintiff filed his response to the defendants' motion to dismiss—the Supreme Court vacated the Seventh Circuit's decision in Divane and remanded the case for further proceedings.

---

[1] The defendants also repeatedly cite two other Seventh Circuit decisions—Loomis v. Exelon Corp., 658 F.3d 667 (7th Cir. 2011) and Hecker v. Deere & Co., 556 F.3d 575 (7th Cir. 2009)—and argue that, with Divane, these cases demonstrate that the plaintiff's "allegations are insufficient to state a claim for relief under Rule 12(b)(6) based on Seventh Circuit case law." Dkt. No. 56 at 8-9.

Hughes, 595 U.S. 170 (2022). In vacating Divane, the Supreme Court cited its 2015 decision in Tibble, asserting that the "categorical rule" applied by the Seventh Circuit "is inconsistent with the content-specific inquiry that ERISA requires and fails to take into account respondents' duty to monitor all plan investments and remove any imprudent ones." Id. at 173 (citing Tibble, 575 U.S. at 530).

Approximately two weeks after the Supreme Court vacated and remanded the Seventh Circuit's decision in Divane, the defendants filed their reply brief in support of their motion to dismiss. Dkt. No. 61. The defendants acknowledge that the Supreme Court in Hughes "determined that the Seventh Circuit's analysis [in Divane] had been shaped by a 'categorical rule' that was inconsistent [with the Court's earlier precedent]," and that the Court had, on that basis, "vacated and remanded [Divane] to the Seventh Circuit for reconsideration without application of that 'categorical rule.'" Id. at 11-12 (citing Hughes, 595 U.S. at 173, 176-77). Nonetheless, the defendants argue that Hughes "reinforced key principles that inform any evaluation of claims alleging a breach of ERISA's duty of prudence . . . at the pleadings stage," and that "evaluating Plaintiff's claims through the lens of *Hughes* amplifies the deficiencies in the Amended Complaint." Id. at 12. So, while the defendants concede that Hughes mooted an aspect of their motion to dismiss—namely, their argument that "Plaintiff's investment-fee claims fail as a matter of law because the Plan offers a mix of investments with a reasonable range of

fees[]"—they assert that "Plaintiff's claims remain subject to dismissal in their entirety under Rule 12(b)(6)." Id. at 11.

On February 9, 2022—one day after the defendants filed their reply brief—the plaintiff filed an expedited non-dispositive motion for leave to file a proposed surreply in light of the Supreme Court's decision in Hughes. Dkt. No. 62. The plaintiff reasoned that his "surreply [was] necessary in order for the Court to be able to fully and fairly consider his positions and arguments and so that he may correct the many misstatements concerning *Hughes* and related cases that Defendants make in their Reply Brief." Id. at 2. In response to that motion, the defendants sought permission to file a "sur-surreply responding to Plaintiff's proposed surreply, which [they argued] mischaracterizes *Hughes* and its effect on Defendants' pending motion to dismiss the Amended Complaint." Dkt. No. 63 at 2. Approximately two months later, on April 8, 2022, the court issued a text-only order granting the plaintiff's motion for leave to file his surreply and the defendants' request to file their sur-surreply. Dkt. No. 64. Both documents were filed that same day. Dkt. Nos. 65, 66.

Approximately five months later, on August 30, 2022, the plaintiff filed an expedited non-dispositive motion under this court's Civil Local Rule 7(h) for leave to file a second amended complaint, dkt. no. 70, with his proposed second amended complaint attached, dkt. no. 70-1. The plaintiff explained that "[w]hile the Seventh Circuit has yet to decide *Divane* on remand, on August 29, 2022, the Seventh Circuit decided *Albert v. Oshkosh Corp.*, [47 F.4th 570 (7th Cir. 2022)]." Dkt. No. 70 at 2. The plaintiff asserted that Albert "offered

4

guidance to litigants as to the types of factual averments that create 'the kind of context that could move this claim from possibility to plausibility' in light of *Hughes* and existing Seventh Circuit precedent." Id. (citing Albert, 47 F.4th at 580).

On September 6, 2022, the defendants responded to the plaintiff's request for leave to amend, arguing not only that the request "runs afoul of the Court's Local Civil Rules," but also that allowing the plaintiff to file the proposed second amended complaint would be futile because the proposed pleading failed to present any plausible claims under the standard articulated in Albert. Dkt. No. 71 at 2-3. Nonetheless, the defendants thought the futility issue "would be more effectively and fairly addressed in the context of a motion to dismiss on a non-expedited basis, and with the benefit of briefing within the Court's typical page limits." Id. at 3. Accordingly, the defendants elected not to oppose the plaintiff's request for leave to file his proposed second amended complaint, instead "request[ing] that the Court allow them 30 days after the Proposed Second Amended Complaint is docketed to file a new motion to dismiss." Id. Regrettably, the court somehow missed the fact that the plaintiff's motion for leave to file his proposed Second Amended Complaint was unopposed, and that motion has remained pending.

On March 23, 2023, the Seventh Circuit issued its post-remand decision in Hughes v. Northwestern University,[2] 63 F.4th 615 (7th Cir. 2023) ("Hughes

---

[2] Explaining the change to the caption, the Seventh Circuit stated: "Laura *Divane* did not participate in this petition and is no longer pursuing this

5

II"). On April 3, 2023, the parties filed under this court's Civil Local Rule 7(h) a joint expedited, non-dispositive motion for leave to submit supplemental briefing on Hughes II. Dkt. No. 75. The following day the court issued a text-only order granting the parties' joint motion and ordering that "by the end of the day on April 18, 2023, the parties . . . file supplemental briefs on the Seventh Circuit's post-remand decision in Hughes[ II]." Dkt. No. 76. The court limited the parties' supplemental briefs to five pages. Id.

But on April 17, 2023—the day before the parties' supplemental briefs on Hughes II were due—the plaintiff filed a *new* motion for leave to file a second amended complaint, dkt. no. 80, a *new* proposed second amended complaint, dkt. no. 80-1, and notice that he was withdrawing his previous motion for leave to file a second amended complaint and the related proposed second amended complaint, dkt. no. 79. In the new motion for leave to file a second amended complaint, the plaintiff asserts that "[*Hughes II*] largely superseded *Albert* and clarified the pleading standard in ERISA excessive fee cases like this one." Dkt. No. 80 at ¶5 (citing Hughes II, 63 F.4th 615). He asserts that, "[i]n light of the recent decision in *Hughes II,* [he] . . . prepared a [new] Second Amended Complaint which he believes satisfies the 7th Circuit's standard in *Hughes II*." Id. at ¶12. He also states that his counsel reached out to the defendants' counsel to ask if they would consent to him filing his new second amended

---

appeal. So, April *Hughes* became the lead plaintiff and appellant, resulting in the changed caption." Hughes II, 63 F.4th at 623 n.1 (emphasis added

6

complaint under Fed. R. Civ. P. 15(a)(2), and his counsel was advised that the defendants would oppose the motion. Id. at ¶13.

The following day, the parties submitted their respective supplemental briefs on Hughes II. Dkt. Nos. 81, 82. The plaintiff's brief asserts that the Seventh Circuit's post-remand decision in Hughes II set out a new "context-specific" standard for pleading breach of fiduciary duty of prudence claims under ERISA. Dkt. No. 81 at 2 (quoting Hughes II, 63 F.4th at 628-32. He argues that under that new pleading standard, both his amended complaint (dkt. no. 46) and his newly proposed second amended complaint (dkt. no. 80-1) "plausibly allege[] that Defendants violated their fiduciary duty of prudence under ERISA by incurring unreasonable recordkeeping fees as compared to other similarly-situated plans." Dkt. No. 81 at 2-5. The plaintiff spends much of his brief drawing parallels between the allegations in his amended complaint and proposed second amended complaint and the plaintiffs' allegations in Hughes II, id., which the Seventh Circuit found were sufficient to state a claim for breach of fiduciary duty of prudence relating to excessive recordkeeping fees under the court's "newly formulated pleading standard," Hughes II, 63 F.4th at 630-34.

Though conceding that "*Hughes II* allowed claims for excessive recordkeeping fees to survive a motion to dismiss," the defendants' supplemental brief argues that "the facts in [Hughes II] were very different than those alleged here." Dkt. No. 82 at 2. The defendants argue that "[t]he facts alleged in this case are [more] akin to those in *Albert*," where "[t]he Seventh

7

Circuit affirmed [the district court's] dismissal of the complaint" after finding that the plaintiffs' recordkeeping-fee allegations "did not provide 'the kind of context that could move [the plaintiffs' breach of duty of prudence claim] . . . to plausibility under *Twombly* and *Iqbal*.'" Id. at 2-3 (citing Albert, 47 F.4th at 580). The defendants acknowledge in a footnote that the plaintiff seeks to substitute his original proposed second amended complaint (dkt. no. 70-1) with a new proposed second amended complaint (dkt. no. 80-1). Id. at 3 n.1. They recount that the plaintiff's new proposed second amended complaint "drops the excessive investment-fee claims," "extends the time period covered by his analysis to 2022, and changes the plans he uses as comparators." Id. (citing Dkt. No. 80-1 at ¶¶66-75, 78). But they assert that "amendment on the recordkeeping-fee claims remains futile." Id.

Despite contending in their supplemental brief that it would be futile to allow the plaintiff to file his new proposed second amended complaint, the defendants did not file a brief in opposition to the plaintiff's motion for leave to file his new proposed second amended complaint. As discussed above, in responding to the plaintiff's prior motion for leave to file his originally proposed second amended complaint, the defendants stated that though they believed that that request to amend "could and should be denied as futile[,]" they also believed the futility question "would be more effectively and fairly addressed in the context of a motion to dismiss on a non-expedited basis, and with the benefit of briefing within the Court's typical page limits." Dkt. No. 71 at 3. So—the defendants chose not to oppose the plaintiff's motion for leave to file his

original proposed second amended complaint, asking the court for "30 days after the Proposed Second Amended Complaint is docketed to file a new motion to dismiss." Id. But this time around, the defendants advised the plaintiff that they would be opposing his motion for leave to file his new proposed second amended complaint. Dkt. No. 80 at ¶13. Rather than file an opposition to the plaintiff's motion for leave to file his new proposed second amended complaint, however, the defendants instead voiced their opposition in their supplemental briefing on Hughes II.

Under Federal Rule of Civil Procedure 15(a)(1), before trial a party may amend a pleading one time as a matter of course and without leave of court under two circumstances: (A) "21 days after serving [the pleading]"; or (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, the party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The plaintiff seeks leave of court under Rule 15(a)(2). Dkt. No. 80.

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." "The Federal Rules of Civil Procedure grant district courts 'broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" Fin. Fiduciaries, LLC v. Gannett Co., Inc., 46 F.4th 654, 667 (7th Cir. 2022) (quoting Arreola v.

9

Godinez, 546 F.3d 788, 796 (7th Cir. 2008)). The defendants argue that the plaintiff should be denied leave to amend because his proposed amendments would be futile. Dkt. No. 82 at 3-4.

"District Courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 685 (7th Cir. 2014) (quoting Gandhi v. Sitara Cap. Mgmt., LLC, 721 F.3d 865, 869 (7th Cir. 2013)). But "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015) (emphasis in original) (quoting Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)).

Since the defendants filed their motion to dismiss the plaintiff's amended complaint back in December 2021—nearly two and a quarter years ago as of this writing—the standard for pleading ERISA breach of fiduciary duty of prudence claims in the Seventh Circuit has shifted. Hughes, 595 U.S. at 175-77; Hughes II, 64 F.4th at 629-31; see also Tolomeo v. R.R. Donnelley & Sons, Inc., Case No. 20-CV-7158, 2023 WL 3455301, at *3 (N.D. Ill. May 15, 2023); Mazza v. Pactiv Evergreen Servs. Inc., Case No. 22 C 5052, 2023 WL 3558156, at *3 (N.D. Ill. May 18, 2023); Glick v. ThedaCare, Inc., Case No. 20-CV-1236, 2023 WL 9327209, at *4 (E.D. Wis. July 20, 2023) report and recommendation adopted 2024 WL 233370 (E.D. Wis. Jan. 22, 2024); Nohara v. Prevea Clinic

10

Inc., Case No. 20-CV-1079, 2023 WL 9327202, at *2 (E.D. July 21, 2023) report and recommendation adopted 2024 WL 233373 (E.D. Wis. Jan. 22, 2024). Given this shift, much—if not all—of the defendants' original December 2021 motion to dismiss (which, again, relied extensively on Divane and other Seventh Circuit cases that applied similar categorical rules) has been rendered moot. In hopes of keeping his allegations in step with the Seventh Circuit's evolving standard for pleading ERISA breach of fiduciary duty of prudence claims, the plaintiff twice has asked the court for leave to amend his already-amended complaint. Dkt. Nos. 70, 70-1, 80, 80-1. And to keep the court abreast of the evolving pleading standard, the parties have filed six notices of supplemental authority involving twelve separate district court decisions which purportedly relate to the impact of the evolving pleading standard for breach of duty of prudence claims on one or both of the motions pending before this court. Dkt. Nos. 67, 67-1, 68, 68-1, 72, 72-1, 72-2, 72-3, 73, 73-1, 73-2, 73-3, 73-4, 73-5, 83, 83-1, 84, 84-1.

As discussed, the parties also have requested—and the court has provided—the opportunity to submit limited supplemental briefing on the impact of Hughes, dkt. nos. 62, 63, 64, 65, 66, and Hughes II, dkt. nos. 75, 76, 81, 82, regarding the Seventh Circuit's standard for pleading ERISA breach of duty of prudence claims. Having reviewed that briefing on Hughes II, the court cannot conclude that the plaintiff's new proposed second amended complaint would be futile. And because the plaintiff seeks to amend due to a change in

the law and not a lack of diligence, the court will grant his motion for leave to file his proposed second amended complaint.

The defendants stated in responding to the plaintiff's *prior* motion for leave to amend that they would seek an opportunity to file an amended motion to dismiss should the court grant the plaintiff leave to file a second amended complaint. Anticipating that the defendants would like that opportunity now that the court has granted the plaintiff's *new* motion for leave to file his new second amended complaint, the court will order that the defendants answer *or otherwise respond* to the second amended complaint within thirty days of the entry of this order.

The court **GRANTS** the plaintiff's motion for leave to file second amended complaint. Dkt. No. 80.

The court **ORDERS** the Clerk of Court to separately docket the proposed second amended complaint at Dkt. No. 80-1 as the operative complaint.

The court **DENIES AS MOOT** the defendants' motion to dismiss plaintiff's amended class action complaint. Dkt. No. 55.

The court **ORDERS** that the defendants file an answer or other responsive pleading to the second amended complaint by the end of the day on **April 26, 2024**.

Dated in Milwaukee, Wisconsin this 26th day of March, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**